

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-23-2009

# Robert Barger Jr. v. John Walton

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3459

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Robert Barger Jr. v. John Walton" (2009). *2009 Decisions.* Paper 1710.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1710

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-107                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3459
_____

ROBERT BARGER, JR.,
                                                                    Appellant

v.

JOHN WALTON, WARDEN; NAPH-CARE INC.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 06-01620)
District Judge:  Honorable David S. Cercone
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 20, 2009
Before: SLOVITER, FUENTES and JORDAN, Circuit Judges

(filed: March 23, 2009)
_____

OPINION
_____

PER CURIAM

Robert Karl Barger, Jr. appeals from the District Court's dismissal of his civil

rights complaint for failure to exhaust administrative remedies pursuant to 42 U.S.C. §

1997e(a).  The District Court also denied Barger's motions to file an amended complaint,

for reconsideration, and to vacate. Barger filed the instant appeal on August 11, 2008. Because the appeal is lacking in arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

In December 2006, Barger, an inmate at Westmoreland County Prison, initiated a pro se civil rights action under 42 U.S.C. § 1983. Barger alleged that he was deprived timely medical treatment for a sprained right ankle, a staph infection in his ears, and hemorrhoids. In his complaint, Barger checked the "No" box when asked if he first exhausted his claims in the state prisoner grievance procedure, stating that he "filed once before on similar matter (medical), dismissed by Warden!" Barger named both the warden of his prison, John Walton, and Naph-Care, Inc. as defendants in his action, and sought both monetary and injunctive relief.

In May 2008, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). Barger, in turn, filed a response, admitting that he had not filed an administrative grievance because a prison guard had allegedly threatened to put him in the "hole" (administrative custody) if he pursued this remedy. To substantiate this claim, Barger attached an "Inmate Request Slip" dated November 29, 2006, where he wrote that an unnamed Sergeant intimidated him and, consequently, he "will not be filing a grievance against jail/medical for not responding to my request for medical attention on July 12, 2006." The form did not contain a response by prison personnel; however, Barger attached another Inmate Request Slip that indicated that his previously filed grievances received official responses. Barger also filed a motion to amend the complaint to include

the allegation that Defendant Naph-Care, Inc. acted under color of state law.

In June 2008, the Magistrate Judge filed an R&R recommending that Defendants' motion to dismiss be granted and Barger's motion to file an amended complaint be denied. Barger filed a motion for reconsideration and two motions to vacate the Magistrate Judge's Report and Recommendation, in which he reaffirmed his contention that he did not pursue an administrative grievance because he was intimidated. The District Court dismissed Barger's action and denied his motions to file an amended complaint, for reconsideration, and to vacate.

We have appellate jurisdiction over this appeal under 28 U.S.C. § 1291. Our standard of review of the District Court's dismissal under Rule 12(b)(6) is plenary. Atkinson v. LaFayette College, 460 F.3d 447, 451 (3d Cir. 2006). Under 28 U.S.C. § 1915(e)(2)(B), an appeal must be dismissed if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Prison Reform Litigation Act (PLRA) mandates that a prisoner exhaust any available administrative remedies before bringing a § 1983 suit in federal court. See 42 U.S.C. § 1997e(a); Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

Barger admitted when he filed his complaint on December 6, 2006 that he had not filed an administrative grievance. He justified this omission by citing the dismissal of a previously filed administrative grievance that also challenged the prison's medical care.

However, futility is not an exception to the mandatory requirement of exhaustion. Nyhuis v. Reno, 204 F.3d 65, 71-72 (3d Cir. 2000).

Barger also argues that his failure to exhaust should be excused because he was threatened with retaliation. We have never addressed in a precedential opinion whether threats of retaliation excuse exhaustion. Assuming arguendo that they do, we agree with the District Court that Barger has not made a sufficient showing of intimidation. As the District Court noted, the evidence Barger provided is also inconsistent with his main allegation. Barger's contention that he was too intimidated to file an administrative grievance conflicts with his submission of an "Inmate Request Form" directly to the Warden in which he documents this threat. Furthermore, Barger was evidently not deterred from filing the instant lawsuit regarding his medical treatment.

Failure to properly exhaust is sufficient to warrant dismissal of a § 1983 action, and, therefore, we need not address whether the District Court properly denied Barger's remaining motions. Because Barger's appeal is lacking in arguable legal merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). The motions for appointment of counsel are denied.